ALFRED E. JALIFI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jalifi v. Commissioner
Docket No. 3807-77.
United States Tax Court
T.C. Memo 1978-188; 1978 Tax Ct. Memo LEXIS 327; 37 T.C.M. (CCH) 815; T.C.M. (RIA) 780188; May 23, 1978, Filed Alfred E. Jalifi, pro se. Alice Gresham, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $181 in petitioner's Federal income tax for the year 1975. The only issue for decision is whether petitioner was entitled to file his 1975 Federal income tax return as *328 an unmarried head of household pursuant to section 2(b), Internal Revenue Code of 1954. [1]
The facts of this case are fully stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference and are found accordingly. Alfred E. Jalifi (petitioner) resided in San Antonio, Texas, when he filed his petition in this case. He filed his 1975 Federal income tax return with the District Director at Chicago, Illinois. On the return he claimed himself as his only exemption. Petitioner executed a multiple support agreement with his father for the support of his mother. On a joint dependency notification for 1975, petitioner waived the right to claim his mother as a dependent for that year. Petitioner utilized the unmarried head of household rate schedule in computing his individual Federal income tax for 1975. Respondent concluded that petitioner was not entitled to file as an unmarried head of household in that year. Respondent's determination is entitled to a presumption of correctness *329 and the petitioner must show that such determination is erroneous. Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Section 2(b) of the Code, which is dispositive of the issue presented, defines "Head of Household," in pertinent part, as follows: (b) Definition of Head of Household.-- (1) In general.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and * * * * * *
(B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual. There is no evidence in this record that petitioner actually furnished over half of the cost of maintaining a household *330 for his mother during 1975. [2] Moreover, he waived whatever right he might have had to claim his mother as a dependent for that year. Consequently, he is not entitled to a dependency exemption under section 151 for his mother. Petitioner simply does not meet the definitional statutory standard of "Head of Household" and we hold that he was not entitled to file his 1975 Federal income tax return as an unmarried head of household. Decision will be entered for the respondent. Footnotes
1. All Code references herein are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. On this record the only finding which could be made with respect to amounts furnished by petitioner for his mother during 1975 is that he contributed over 10 percent of his mother's support during such year. See sec. 152(c). However, amounts expended for support under section 152 are not coextensive with amounts furnished to maintain a household pursuant to section 2(b)↩. Thus, even if petitioner had demonstrated that he contributed more than 50 percent of his mother's support during 1975, he would not necessarily have shown that he maintained a household which constituted her principal place of abode in that year.